## THOMPSON v. KRONHEIM.

### No. 10944.

United States Court of Appeals
Sixth Circuit.

Dec. 16, 1949.

Hugh Wells, Cleveland, Ohio, for appellant.

Theodore R. Spilka, Cleveland, Ohio, Gardner & Spilka, Cleveland, Ohio, on the brief, for appellee.

Before HICKS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

In the course of proceedings before the Referee in Bankruptcy, In the Matter of Pacific Manufacturing Corporation, Bankrupt, Daniel E. Kronheim filed a claim for $396.18 for unpaid commissions, seeking priority status therefor as a labor claim under Section 64, sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(2). Objections were filed by the Trustee and the Referee denied priority, allowing it as a general claim. On petition for review, the District Judge held the claim was entitled to priority, from which ruling the Trustee appealed.

Kronheim entered into a written contract with the bankrupt in November, 1947 under which he was appointed its exclusive representative for the sale of its utility cabinets in any part of the United States. The contract provided that Kronheim should take orders and forward them to the Corporation for acceptance and would receive a commission of 5% on the orders accepted and billed. Determination of pricing, questions of credit and acceptance of orders was within the exclusive control of the Corporation. The contract further provided that Kronheim was not to be considered as an agent of the Corporation, but was to "act in the capacity of an independent sales representative" paying all of his own sales expenses, salaries of any persons he employed, all traveling expenses and telephone and secretarial expenses. He had no authority to bind the Corporation. He was not on the bankrupt's payroll, nor on the social security records of the Corporation, the compensation records or withholding tax records. He had no office other than his home, no employees, and operated over territory and routes of his own choosing. He also represented other companies as their sales representative. The claim against the bankrupt estate was for sales made by Kronheim under the foregoing arrangement.

The Referee ruled that the written contract fixed the status of Kronheim as that of an independent contractor and as such he was not entitled to priority as a wage claimant. The District Judge disagreed.

Section 64, sub. a(2) of the Bankruptcy Act, as amended in 1938 included among debts having priority "wages * * * due to workmen, servants, clerks or traveling

or city salesmen on salary or commission basis, whole or part time, whether or not selling exclusively for the bankrupt; * *." We agree with the ruling of the District Judge for the reasons stated in his memorandum on the petition for review. As therein pointed out, Section 64, sub. a(2) of the Bankruptcy Act, as amended is broad in its scope; the limitations upon Kronheim's activities did not destroy his situation as part-time salesman on commission; and in spite of the freedom of control in his method of operations he was nevertheless a traveling salesman on commission basis within the wording of the revised statute. The ruling is controlled by the actual facts of the present case rather than by certain provisions in the contract, inserted by the Corporation for its own protection, which were not applicable to Kronheim's method of operation. The case is very similar in it facts to the one discussed in Re Herbert Candy Co., D.C.E.D.Pa., 43 F.Supp. 588, with the ruling of which we agree.

The judgment of the District Court is affirmed.